# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

LARRY DAVIS, #361580  *
                                                                                             *

v                                                                            *   Civil Action No.CCB-17-3002

FRANK BISHOP, WARDEN, *et al.*,  *

## MEMORANDUM AND ORDER

Petitioner Larry Davis challenges his 2010 convictions in the Circuit Court for Baltimore City, where he was convicted by a jury of attempted first-degree murder, attempted first-degree assault, second-degree assault, reckless endangerment, and knowing possession of incendiary material with intent to create a destructive device.[1] (Cir. Ct. Baltimore City Case No. 106116048 Docket Sheet, ECF 8-1; Tr. Transcript, Feb. 18, 2010 at 3-4, ECF 8-9.) He seeks certain limited discovery. (ECF No. 12.) The State has filed a response. (ECF No. 16.)

The incident leading to the convictions, as set forth by the Court of Special Appeals of Maryland, occurred on the afternoon of April 11, 2006. Mr. Davis's former girlfriend found him lying on the ground behind her car, looking as if he were "doing some work" under the vehicle. Fearing for her life, she screamed and ran. Mr. Davis gave chase, caught her by the arm, and threatened to kill her. She broke free, but "ended up on the ground,"

---

[1] Davis's first trial, which resulted in conviction for attempted first-degree murder, second-degree assault, reckless endangerment, and knowing possession of incendiary material with intent to create a destructive device, was reversed on appeal on the ground that the trial court erred in declining his request to ask prospective jurors during voir dire whether they would give more or less weight to the testimony of a police officer. *See Davis v. State*, Sept. Term 2010, No. 407 at 1 (Md. Ct. Spec. App. May 9, 2012) (citing *Davis v. State,* No. 991, Sept. Term 2007 (Baltimore City Cir. Ct. April 23, 2009)). Following a second trial, Davis was sentenced to life plus 25 years' imprisonment.

unsure whether she fell or was pushed. Her screams brought a response, and the police were called. Mr. Davis ran into nearby woods where he was found, identified by the victim, and arrested. *Davis v. State*, Sept. Term 2010, No. 407 at 3-4 (Md. Ct. Spec. App. May 9, 2012).

Officers intended to charge Mr. Davis with a domestic-related assault in the second degree. A canine unit was brought to the scene to search for a firearm. Instead, the canine unit located articles of clothing identified as Mr. Davis's and "a [duffel] bag containing fuel cells with wires attached to them, a large black rubber band, sulfuric acid sealed in a bag, pliers, wire-cutters, and a receipt from Standard Carpet to [Mr. Davis's] Contracting Company, which bore [Mr. Davis'] signature." *Id.* at 4. A yellow object was found duct-taped to the muffler of the victim's car. Believing the yellow object to be an explosive device, an officer called for the bomb squad, which placed a nearby hospital on lock down. *Id* at 4-5.

Officer Bryan Bacon of the Baltimore City Police Department Special Operations Unit, Emergency Services Bomb Squad "determined that the item was a small propane tank of the type used by contractors for sweating pipes during plumbing jobs." *Id.* at 5. Wire and duct tape had been used to attach the tank to the car's tail pipe. Officer Bacon removed and "x-rayed the gas cylinder, which he believed to contain MAPP gas, a type of propane that burns hotter than regular propane." At trial, Officer Bacon testified "that had the car been driven with the canister attached to the tail pipe, the canister likely would have ruptured, and if that had happened, there would have been 'a large incendiary

explosion' and possibly an ignition of the car's gas tank, which may have blown up the rear of the car and injured the driver, as well as any people in the immediate area." *Id.*

At the close of the State's case, Mr. Davis moved for judgment of acquittal on the charge of possessing incendiary material with intent to create a destructive device. He argued that no witness had verified that the yellow cylinder attached to the car actually contained MAPP gas. The Court of Special Appeals explained, "Because the police department's x-ray of the canister showed only some type of liquid inside, [Mr. Davis] maintained that there was no evidence that the canister contained incendiary material. The State countered that there was nothing to suggest that the cylinder contained anything other than the substance it was labeled to contain, an extremely flammable MAPP gas." *Id.* at 7. The court denied Davis's motion and the jury convicted him. *Id.*

Among his five grounds for habeas corpus relief, Davis argues: (1) the prosecutor improperly suppressed the chain of custody form concerning the x-ray of the gas canister; and (2) trial counsel was ineffective for failing to subpoena the chain of custody form prior to his first trial. (*See* Pet. at 7, ECF No. 1). Davis moves for limited discovery, seeking the production of a copy of the x-ray film described by Officer Brian Bacon during trial testimony, a copy of the transcript from his February 15, 2017 post-conviction hearing, and two letters admitted as defense exhibits during Davis's post-conviction hearing, representing correspondence between Davis and the Baltimore Police Department ("BPD") Legal Affairs Department. (Mot. Specific Limited Disc. at 6- 10, ECF 12). The letters and transcript have been provided to Davis (Sept. 23, 2016 Letter, ECF 16-1; Oct. 18, 2016 Letter, ECF 16-2; Feb. 15, 2017 Post-Conviction

Hearing Tr., ECF 18), and his request for their production is moot. The remaining discovery request is limited to the production of an x-ray film made of a gas canister.

Discovery is not available as a matter of right in habeas corpus cases. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing § 2254 Cases provides that limited discovery under the Federal Rules of Civil Procedure may be granted for good cause. A federal habeas petitioner establishes the requisite good cause to conduct discovery "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908–09 (quoting *Harris v.* Nelson, 394 U.S. 286, 300 (1969)).

"Good cause" requires more than a petitioner's conclusory assertion there may be some undiscovered or undisclosed evidence to support his claim. The rules governing discovery in habeas corpus cases do not countenance "a so-called fishing expedition via discovery, an effort to find evidence to support a claim." *Borden v. Allen*, 646 F.3d 785, 810, n. 31 (11th Cir. 2011); *see also Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (citations and quotation marks omitted) ("Rule 6 does not sanction fishing expeditions based on a petitioner's conclusory allegations. Conclusory allegations are not enough to warrant discovery under Rule 6; the petitioner must set forth specific allegations of fact.").

The Court is not convinced that x-ray film of the canister is available. The Assistant State's Attorney who prosecuted Davis's case informed Respondents' counsel that an x-ray film did not exist at the time of either of Davis's trials. (Resp. ¶ 4, ECF No. 16.) This statement appears to be consistent with the Assistant State's Attorney's testimony at the post-conviction hearing, as recounted in the Circuit Court's statement of reasons denying post-conviction relief,

stating that the Assistant State's Attorney "emphasized [in her testimony at the Feb. 15, 2017 post-conviction hearing] that no X-Report [sic] ever existed to her knowledge." (Statement of Reasons at 8-10, ECF 8-20.) Consequently, Respondents are unable to produce the requested document.

Davis contends this statement is "bogus," based on Officer Bacon's cross-examination during his first trial. Reply at 1-3, ECF 17. According to the transcript relied on by Mr. Davis, however, Officer Bacon did not testify clearly that the canister seized at the scene was in fact x-rayed, but may have been describing how in similar situations a device might be x-rayed if it were necessary to determine whether it was safe to handle. (ECF 17-1, p. 3). Even assuming the canister was in fact passed through an x-ray to make that determination, an x-ray image of its contents might not have been preserved. More importantly, the trial court in the second trial appears to have relied on the labeling on the canister to determine its specific contents, not the results of any x-ray. *See* Trial Tr., Feb. 17, 2010 at 92-96, ECF No. 8-8 (Judge denying motion for acquittal on Count VI for possession of incendiary material and describing the canister's labeling as consistent with an explosive or incendiary material and with MAPP gas); *see also, Davis v. State*, Sept. Term 2010, No. 407 at 14-15. To the extent that an x-ray film ever did exist, the failure to produce this film at trial and provide documentation of the chain of custody with regard to the x-ray does not, without more, entitle Davis to habeas relief.

Davis has not met his burden under the discovery rules. Accordingly, it is this 12th day of June, ~~May,~~ 2018, by the United States District Court for the District of Maryland, ORDERED that Petitioner's Motion for Specific Limited Discovery (ECF No. 12) is hereby DENIED.

_____
Catherine C. Blake
United States District Judge