IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| LARRY DAVIS, | * | |
| v. | * | Civil Action No. CCB-17-3002 |
| WARDEN FRANK BISHOP and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * * | |
| Respondents. | * | |

***

## MEMORANDUM OPINION

Petitioner Larry Davis has filed a petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The Court issued a Memorandum and Order on April 17, 2019 dismissing Mr. Davis's petition. ECF Nos. 29, 30. Mr. Davis appealed to the Fourth Circuit. On November 21, 2019 the Fourth Circuit remanded the matter for consideration of a claim that was omitted from the April 17, 2019 Order. ECF No. 40. Accordingly, the Court addresses herein Mr. Davis's claim stated in Ground One that the "prosecutor suppressed chain of custody report AC06020727 that reveals State's #19 [propane canister] was not crime scene evidence."[1] ECF No. 1 at 7.

By Order dated December 16, 2019, this court granted the parties the option to file a supplemental memorandum addressing the remanded claim. ECF No. 43. Mr. Davis chose to file a supplemental memorandum, which includes exhibits. ECF No. 44. Mr. Davis also submitted a letter to the Court on May 3, 2021 addressing the claim. ECF No. 47.[2] Respondents did not submit any

---

[1] As noted in the Court's April 17, 2019 Memorandum, the claim is fully exhausted. ECF No. 29 at 9.

[2] The exhibits to Mr. Davis's supplemental memorandum and correspondence (ECF Nos. 44, 47) were not presented to the Circuit Court for consideration with Mr. Davis's Post-Conviction Application. Except in very narrow circumstances, the Court is prohibited from considering evidence beyond the state court record. 28 U.S.C. § 2254 (e)(2). Mr. Davis does not provide information that indicates the exhibits can be considered pursuant to the requirements of the statute. A review of the record shows: Mr. Davis failed to present the exhibits to the state court,

supplemental briefing but argued in their response to Mr. Scott's petition that his claim for prosecutorial misconduct lacked merit. ECF No. 8 at 20-24.

No hearing is necessary to resolve the matter. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2021); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to an evidentiary hearing under 28 U.S.C. § 2254(e)(2)). For the reasons set forth below, as all claims are now being dismissed as without merit, the court shall deny the petition. The court also declines to issue a certificate of appealability.

## RELEVANT BACKGROUND

Mr. Davis was tried by jury in February of 2010[3] and found guilty of attempted first degree murder, knowing possession of incendiary material with intent to create a destructive device, and related offenses. ECF No. 8-9. Mr. Davis was charged with these offenses after a propane cylinder was found attached to the muffler of his former girlfriend's vehicle. The court incorporates here the detailed facts set forth in the Memorandum dated April 17, 2019. ECF No. 29.

When the February 2010 trial commenced, Mr. Davis was represented by Assistant Public Defender, Paula Cline. ECF Nos. 8-5; 8-6; 8-7. On February 16, 2010, Mr. Davis advised the trial judge that he was discharging his counsel and wished to proceed *pro se*. ECF No. 8-7 at 8-19. The Circuit Court advised Mr. Davis of the pitfalls and disadvantages of self-representation, inquired into his competency, and permitted him to waive his right to counsel. *Id*. At this stage of the trial, there

---

the exhibits could have been gathered and presented to the state court using reasonable diligence, and the exhibits do not demonstrate by clear and convincing evidence that no reasonable factfinder would have not found him guilty. Accordingly, this court did not consider the attachments to Mr. Davis's Supplemental Memorandum in rendering this decision.

[3] The February 2010 trial was Mr. Davis's second trial. The first trial, held in May 2007, was reversed on appeal because the trial court erred when it declined Davis's request to ask prospective jurors during voir dire whether they would give more or less weight to the testimony of a police officer. ECF No. 8-11 at 2.

were three remaining prosecution witnesses who were law enforcement officers, including the officer who removed the propane cylinder from the victim's vehicle, Officer Bryan Bacon.

Officer Bacon testified that he is assigned to the Baltimore City Police Department Special Operations Unit, Emergency Services Bomb Squad. *Id.* at 26. Before joining the bomb squad he received specialized training in recognizing explosive devices and rendering those devices safe. *Id*. at 26-27. Officer Bacon testified that he responded to a call on April 11, 2006 at Mount Washington Pediatric Hospital. *Id.* at 27-28. Officer Bacon donned a bomb suit and examined the vehicle. *Id*. at 29-30. Officer Bacon testified that he noticed a "strange" object attached to the tail pipe. *Id.* at 30. When Officer Bacon got closer to the object, he could tell that it was the type of propane cylinder[4] that plumbers use to sweat pipes. *Id.* at 31.

Officer Bacon testified that he removed the propane cylinder from the tail pipe. *Id.* at 33. He testified that the cylinder contained MAPP gas, which is hotter than regular propane. *Id.* at 35-36. Officer Bacon testified that if the car had been driven, the heat from the tail pipe would have caused the cylinder to rupture, resulting in a large incendiary explosion. *Id.* at 36. Officer Bacon testified that he took possession of the propane cylinder at the crime scene and submitted it to the Evidence Control Unit. *Id.* at 38. Officer Bacon identified the propane cylinder in the courtroom as State's Exhibit No. 19. *Id* at 38-39*.* Officer Bacon confirmed that State's Exhibit No. 19 was the same cylinder that was recovered from the scene on April 11, 2006. *Id*. at 39. Officer Bacon also identified a photograph of the cylinder that was taken at the crime scene as State's Exhibit No. 12. *Id.* at 31-32. On cross-examination Officer Bacon testified that he knew the cylinder contained MAPP gas because regular propane gas comes in a blue cylinder, but MAPP gas comes in a yellow cylinder. *Id.* at 51.

---

[4] The trial witnesses used the terms "tank," "cylinder," and "canister" interchangeably. Because Mr. Davis uses "cylinder" in connection with this claim and for clarity purposes, the court will use the term "cylinder" throughout the opinion.

Detective Amy Robertson, who is assigned to the Baltimore Police Arson and Explosives Unit, testified that she also responded to the scene at Mount Washington Pediatric Hospital on April 11, 2006. *Id.* at 76-77. Detective Robertson testified that she observed the bomb unit remove the propane cylinder from the vehicle. *Id.* at 78, 81. Detective Robertson also identified State's Exhibit No. 19 as the propane cylinder that was removed from the vehicle by the bomb squad. *Id.* at 81.

Former Officer Lisa Hardy testified that she responded to the scene at Mount Washington Pediatric Hospital on April 11, 2006. ECF No. 8-8 at 5-6. During her investigation, Officer Hardy observed a bright yellow object duct taped to the muffler of the victim's car. *Id.* at 13. Officer Hardy testified that she immediately cleared the area and called for the bomb squad. *Id*. at 13-14. Officer Hardy testified that she observed the bomb squad technician put on a suit to remove the device from the car. *Id.* at 15. Officer Hardy identified the device as State's Exhibit No. 19. *Id.*

The defense did not call any witnesses and Mr. Davis did not testify. *Id.* at 96-97, 100. The trial judge denied Mr. Davis's motion for acquittal on the charge of possessing incendiary material with intent to create a destructive device. *Id.* at 94-96. On February 18, 2010, the jury found Mr. Davis guilty on all charges. ECF No. 8-9.

On September 17, 2012 Mr. Davis filed a Motion for a New Trial.[5] ECF No. 8-1 at 19. The Circuit Court held a hearing on Mr. Davis's motion on March 12, 2014. ECF No. 8-13.  Mr. Davis argued that he was entitled to a new trial because he did not have the chain of custody report on the propane cylinder[6] prior to trial. *Id*. at 14-18. Mr. Davis took the position that the chain of custody report demonstrated that the propane cylinder recovered from the crime scene was never moved from the Evidence Control Unit and, therefore, was not the cylinder presented at trial. *Id.* at 15-18.  The

---

[5] As set forth in the April 17, 2019 Memorandum (ECF No. 29), Mr. Davis previously filed an unsuccessful direct appeal asserting errors unrelated to the prosecutorial misconduct claim in Ground One of his federal habeas petition.

[6] The chain of custody report is attached to Davis's Application for Post-Conviction Relief. ECF No. 8-19 at 62-63.

4

Circuit Court ruled that Mr. Davis was not entitled to a new trial because the chain of custody report did not qualify as "newly discovered evidence." *Id.* at 58-59.

Mr. Davis filed an application for leave with the Court of Special Appeals, which issued an unreported opinion on May 21, 2015. *Davis v. State*, 223 Md. App. 770 (2015); ECF 8-17. The opinion describes the contents of the chain of custody report:

> The report, prepared by the Evidence Control Unit ("ECU") of the BPD, identifies the propane cylinder as Inventory 06020727, Complaint # 065D005654, and sets forth its chain of custody as follows:
>
>> Item # 1–PROPANE CYLINDER (1 piece) was turned over to BARBARA DAIS (Badge: M496, Cmd: ECU) at the Baltimore Police Department on Wednesday April 12th, 2006 by LISA HARDY (Badge: H655 Cmd: ND). the current location of the item is 'BECHRAD' and its current status is 'Frozen'. The following is a chronological list of all transactions performed on this item:
>>
>> Item was logged into evidence on 04/12/2006 at 12:06:48 AM.
>>
>> On Wednesday, April 12th, 2006, at 12:11:17 AM, BARBARA DAIS (Badge: M496, Cmd: ECU) moved item from location 'A–SIDE HOLD AREA' to 'BECHRAD'.
>>
>> On Tuesday, March 2nd, 2010 at 09:05:56 AM, LAWRENCE HOVERMILL (Badge: E951, Cmd: ECU) placed an administrative freeze on the item.

*Id.* at 4. The opinion also describes Mr. Davis's efforts to obtain the chain of custody report before his trial:

> In a letter dated August 30, 2009, to an Assistant State's Attorney, [Mr. Davis] states:
>
>> On August 22nd 2009, the Office of Legal Affairs for the Baltimore City Police Department, sent a letter that was forwarded to me. The letter states since my case is back at trial level they can no longer provide any documents from investigative files as per Custodian of Records.
>>
>> On or about July 12th 2008, I received chain of custody report number's AC # 06020730 and 06020731 dated 7/8/08. But the (sic) would not release AC # 06020727 which contains information on

5

> the propane cylinder. Therefore I am requesting that you contact the Police Department and obtain a copy of *The Chain of Custody Report # 06020727, written under CC 065d5654, in case no 106116048 before trial please.*

*Id* at 5. (emphasis in original). The Court of Special Appeals affirmed the Circuit Court, finding "[Mr. Davis's] own correspondence about the chain of custody report for the propane cylinder established that he knew of its existence before the February 2010 trial… [Mr. Davis] simply took no steps within the court proceeding to obtain the chain of custody report before trial." *Id.* at 13. The Maryland Court of Appeal denied certiorari on September 28, 2015. *Davis v. State*, 445 Md. 5 (Md. 2015). The Supreme Court subsequently denied certiorari on May 2, 2016. *Davis v. Maryland*, 136 S. Ct. 1833 (mem.).

Mr. Davis filed an application for post-conviction review on August 30, 2016 arguing, *inter alia*, that the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1969), when it "knowingly suppressed [the] chain of custody report AC06020727 after a specific request was made for the report on August 30, 2009." ECF No. 8-19 at 14-23. The Circuit Court denied Mr. Scott's application, including his claim of prosecutorial misconduct, on February 28, 2017:

> Petitioner erroneously assumes that the chain of custody report was necessary in order to authenticate the propane tank at trial. This is neither accurate nor consistent with evidentiary rules. Maryland Rule 5-901(b)(1) permits authentication to be made by "testimony of a witness with knowledge that the offered evidence is what it is claimed to be." Once a witness with knowledge testifies as to the authenticity of an item, the credibility of the witness's identity is left for the jury to decide. Chain of custody is only required for "certain items of evidence, in order to assure that the particular item is in substantially the same condition was when it was seized." All other items of evidence may be admitted under the presumption that the item "continues in the same condition" as when it was first collected by law enforcement personnel. This can be verified by the testimony of the officer or the technician who collected the evidence, or by testimony of a witness present when the evidentiary item was recovered and/or collected.
>
> At Petitioner's retrial, Officer Bacon testified that he was the person who actually recovered the propane tank from Sarah Burke's vehicle. Officer Bacon testified that he was with the bomb squad who was summoned to the crime scene. He testified

6

> that he personally removed the propane tank from Sarah Burke's car. Officer Bacon further testified that he recognized the propane tank marked during trial as State's Exhibit No. 19. He identified the propane tank as the one he recovered and detached from Sarah Burke's car. Officer Bacon noticed no modifications to the tank. Officer Bacon's testimony, and his distinct recollection of the propane tank, identified it; consequently, no chain of custody report was required to authenticate and admit the propane tank into evidence. Officer Bacon's testimony alone was sufficient as a matter of law.
>
> Petitioner further fails to prove that the use of any chain of custody report at trial would have changed the trial result. Petitioner had full opportunity to cross-examine Officer Bacon and challenge his ability to identify the propane tank (State's Exhibit No. 19) as the one from the crime scene. Officer Bacon's testimony was powerful, and his ability to discuss the propane tank's contents and to confirm it contained gaseous liquid was crucial evidence…
>
> This Court further observes that at the time of Officer Bacon's testimony, Petitioner was in full control of his own defense, having discharged Ms. Cline and waiving his right to counsel earlier that morning. Perhaps it was difficult for the Petitioner to conduct an effective cross-examine [sic] Officer Bacon regarding his ability to identify the propane tank without the benefit of legal training and extensive knowledge of the Maryland Rules of Evidence. The Court would note that Petitioner did take a full opportunity to vigorously cross-examine Officer Bacon about the propane tank and the X-ray results, which unfortunately further emphasized to the jury that Officer Bacon could identify the propane tank. The Petitioner cannot attribute any failure to ask better or more probing questions to his trial counsel, since, at this juncture in the trial he was self-represented.
>
> Clearly Petitioner has not established prejudice, sufficient legal error, or ineffective assistance of counsel. There is simply no evidence of prosecutorial misconduct. These are bald allegations here, not founded in the record or evidence and fail, as a matter of law, to merit post-conviction relief.

ECF No. 8-20 at 13-15 (internal citations omitted). Mr. Davis's application for leave to appeal was denied by the Court of Special Appeals on October 3, 2017. ECF No. 8-22.

Mr. Davis filed his federal habeas petition on October 5, 2017, asserting in Ground One that the "prosecutor suppressed chain of custody report AC06020727 that reveals State's #19 [propane canister] was not crime scene evidence." ECF No. 1 at 8.

## STANDARD OF REVIEW

An application for writ of habeas corpus may be granted only for violations of the

7

Constitution or laws of the United States. 28 U.S.C. § 2254(a). The federal habeas statute at 28 U.S.C. § 2254(d) sets forth a "highly deferential standard for evaluating state-court rulings." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997)) (internal quotation marks omitted). The standard is "difficult to meet," and requires courts to give state-court decisions the benefit of the doubt. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted); *see also White v. Woodall*, 572 U.S. 415, 419-20 (2014) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)) (state prisoner must show state court ruling on claim presented in federal court was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits either

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state adjudication is contrary to clearly established federal law under § 2254(d)(1) where the state court 1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or 2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (internal citation omitted).

Pursuant to the "unreasonable application" analysis under 2254(d)(1), a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101

(quoting *Yarborongh v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, "an unreasonable application of federal law is different from an incorrect application of federal law." *Id.* (internal quotation marks and citation omitted).

Further, under § 2254(d)(2), "a state court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). "[E]ven if reasonable minds reviewing the record might disagree about the finding in question," a federal habeas court may not conclude that the state court decision was based on "an unreasonable determination of the facts." *Id.* (internal citation and quotation marks omitted). "[A] federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly." *Renico v. Lett*, 559 U.S 766, 773 (2010) (internal citation and quotation marks omitted). The habeas statute provides that "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## ANALYSIS

To prevail on a claim under *Brady v. Maryland,* a petitioner must establish: (1) the evidence at issue is favorable, either because it is exculpatory, or because it is impeaching; (2) that evidence was suppressed by the State, either willfully or inadvertently; and (3) prejudice ensued. See *Juniper v. Zook,* 876 F.3d 551, 564 (4th Cir. 2017), citing *Banks v. Dretke*, 540 U.S. 668, 691, (2004). Suppressed, exculpatory evidence is "material" if it "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Kyles v. Whitley*, 514 U.S. 419, 435 (1995). To establish materiality, a petitioner must show that "'there is a

reasonable probability' that the result of the trial would have been different if the suppressed documents had been disclosed to the defense." *Strickler v. Greene*, 527 U.S. 263, 289 (1999). Under this standard, "[t]he question is *not* whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Kyles*, 514 U.S. at 434, (emphasis added). Likewise, the materiality inquiry "is not a sufficiency of the evidence test[,]" and therefore "[a] defendant need not demonstrate that after discounting the inculpatory evidence in light of the undisclosed evidence, there would have been enough left to convict." *Id.* at 434–35.

Mr. Davis argues that the incendiary material inside of the propane cylinder (State's Exhibit No. 19) is the only weapon in the case and the only evidence to sustain his convictions for possession of explosive incendiary material with the intent to create a destructive device and attempted first degree murder. ECF No. 44 at 1. Mr. Davis contends that the cylinder from the crime scene was not the cylinder that was entered into evidence at trial and that Officer Bacon falsified his testimony. *Id.* at 2. Mr. Davis also contends that the chain of custody report is impeachment evidence that would have raised reasonable doubt as to whether State's Exhibit No. 19 was the actual propane cylinder from the crime scene because the report does not show that Officer Bacon retrieved the cylinder from the Evidence Control Unit for trial. *Id*. at 4.

At Mr. Davis's trial all three testifying law enforcement officers identified State's Exhibit No. 19 as the propane cylinder that was removed from the crime scene. Also, along with State's Exhibit No. 19, the jury was presented with State's Exhibit No. 12, which was a photograph of the propane cylinder taken at the crime scene. As noted by the Circuit Court, Mr. Davis had the opportunity to cross-examine Officer Bacon on his ability to identify the propane cylinder and its contents. During cross-examination Mr. Davis elicited testimony from Officer Bacon that the label

10

on State's Exhibit No. 19 was ripped, which the jury could compare to the contemporaneous crime scene photograph, State's Exhibit No. 12.[7] Officer Bacon gave detailed testimony in which he recounted the removal of the cylinder, identified its contents and explosive potential, and affirmatively identified State's Exhibit No. 19 as the cylinder he personally removed from the crime scene. Considering this testimony and the testimony from the other responding officers, the absence of the chain of custody report from Mr. Davis's trial does not undermine confidence in the verdict. The Circuit Court's conclusion that Mr. Davis failed to demonstrate prejudice is neither contrary to nor an unreasonable application of federal law and his claim regarding suppression of the chain of custody report is without merit.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Buck v. Davis*, 137 S. Ct. 759, 772–73 (2017). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (internal citation and quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further." *Miller-El Cockrell*, 537 U.S. 322, 327 (2003). Because this court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability will be denied. *See* § 2253(c)(2). Mr. Davis may nonetheless request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

---

[7] Mr. Davis attached a copy of the photograph of the propane cylinder at the crime scene to his Application for Post-Conviction Relief. ECF No. 8-19 at 119. The photograph shows that the label on the propane cylinder removed from the vehicle is ripped. Officer Bacon testified at trial that State's Exhibit No. 19 had a ripped label. ECF No. 8-7 at 51.

## CONCLUSION

For the foregoing reasons, the court has now determined all of Mr. Davis's claims are without merit and the petition will be dismissed. The court declines to issue a Certificate of Appealability. A separate Order shall issue.

| | |
|---|---|
| 6/27/22 | /s/ |
| Date | Catherine C. Blake<br>United States District Judge |