IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
|  | * |  |
| LARRY DAVIS, | * |  |
| v. | * | Civil Action No. CCB-17-3002 |
| WARDEN FRANK BISHOP and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * |  |
|  | * |  |
| Respondents. | * |  |
|  | *** |  |

## MEMORANDUM OPINION

Before the Court is Petitioner Larry Davis's Motion to Alter or Amend Judgment. ECF No. 63. The motion is ripe for disposition,[1] and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons explained below, the Motion will be denied.

**I.   Background**

Davis filed his federal Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on or about October 5, 2017. ECF No. 1. The court issued a Memorandum Opinion and Order on April 17, 2019 dismissing Mr. Davis's petition. ECF Nos. 29, 30. Mr. Davis appealed to the Fourth Circuit. ECF No. 33. On November 21, 2019 the Fourth Circuit remanded the matter for consideration of a claim that was omitted from the April 17, 2019 Order. ECF No. 40. The omitted claim was an allegation of prosecutorial misconduct for failure to disclose a chain of custody report for a propane

---

[1]   Davis's Notice of Appeal (ECF No. 61), is considered to have been filed on July 22, 2022, prior to this motion pursuant to the prison mailbox rule. ECF No. 61-1 at 1. *See United States v. Perry*, 595 F. App'x 252, 252 n.1 (4th Cir. 2015) (explaining that "[u]nder the 'prison mailbox rule'" the time of filing of a document is the date a prisoner "deposit[s] the document in the prison mailing system"). The court retains jurisdiction, however, over Davis's Rule 59(e) motion, which is considered filed on July 24, 2022. ECF No. 63 at 12. *See Stone v. I.N.S.*, 514 U.S. 386 (1995) (if a post-trial motion tolls the time for review and is filed after the notice of appeal, it divests the appellate court of jurisdiction).

cylinder. This court issued a final Memorandum Opinion and Order on June 27, 2022 addressing the previously omitted prosecutorial misconduct claim. ECF Nos. 56, 57.

On July 24, 2022 Davis moved to alter or amend the June 27, 2022 judgment. ECF No. 63.

**II.     Discussion**

**A. Standard of Review**

Davis brings his motion pursuant to Federal Rule of Civil Procedure 59(e). "Federal Rule of Civil Procedure 59(e) permits the district court to reconsider a decision in certain circumstances." *Ross v. Early*, 899 F.Supp.2d 415, 420 (D. Md. 2012) (citing Fed.R.Civ.P. 56(e)), *aff'd*, 746 F.3d 546 (4th Cir. 2014).

Although the plain language of Rule 59(e) does not provide a particular standard by which a district court should evaluate a motion to alter or amend judgment, the United States Court of Appeals for the Fourth Circuit has clarified "that Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotation marks and citation omitted); *see also U.S. ex rel. Carter v. Halliburton Co.*, 866 F. 3d 199, 210–11 (4th Cir. 2017).

A district court may amend a judgment under Rule 59(e) to "prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Another purpose of Rule 59(e) is to "permit[ ] a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). "Mere disagreement [with a court's ruling] does not

support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082. Indeed, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403 (citation omitted).

**B. Analysis**

Davis argues that his Rule 59(e) motion should be granted because (1) the Court's June 27, 2022 ruling is not in accordance with the Fourth's Circuit's remand order, and (2) is based on "false information." Davis also contends that the district court should have granted him an evidentiary hearing.

The Fourth Circuit remanded this matter stating the court did not address Davis's claim that the prosecution engaged in misconduct when it failed to produce the chain of custody report for the gas canister . ECF No. 40 at 7. The court's June 27, 2022 Memorandum Opinion addresses the omitted claim in detail. ECF No. 56. Davis's contention that the court did not follow the Fourth Circuit's mandate is without merit.

Davis next argues that the court's ruling is based on "false information." Davis contends that the Baltimore City circuit court's opinion denying him post-conviction relief was based on a "(bogus) authentication issue…" Davis refers to the portion of the circuit court's post-conviction opinion discussing the requirements of evidence authentication under Maryland law. Davis complains that he never raised evidence authentication as an issue during post-conviction, and the circuit court "wrote this (bogus) information in order to not provide post-conviction relief…" ECF No. 63 at 4. Davis then persists to reargue the merits of his claim that the prosecution engaged in misconduct. This argument fails because a habeas petitioner may not relitigate the merits of his petition through a Rule 59(e) motion because he disagrees with the court's original ruling. *See Lynn v. Monarch Recovery Management, Inc.*, 953 F.Supp.2d 612, 620 (D. Md. 2013). (

The circuit court did discuss the requirements for evidence authentication under Maryland law in its opinion dismissing Davis's post-conviction claim. ECF No. 8-20 at 13-14. This discussion was part of the circuit court's analysis of whether Davis suffered prejudice from the alleged suppression of the chain of custody report. The circuit court determined that Officer Bryan Bacon's testimony was sufficient under Maryland law to enter the report into evidence. Davis appears to dispute the circuit court's conclusion of law on this point. ECF No. 63 at 4.  When conducting federal habeas review this court is bound by the circuit court's interpretation of Maryland law. See *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations of state law questions.").

The circuit court ultimately concluded that Davis failed to show that the alleged suppression of the chain of custody report resulted in prejudice (ECF No. 8-20 at 13-15), which is the third prong of prosecutorial misconduct analysis pursuant to *Brady v. Maryland*, 373 U.S. 83 (1969); ECF No. 56 at 9. This court reviewed the entire state court record, including the trial transcript, and concluded that Davis could not satisfy the Antiterrorism and Effective Death Penalty Act's (AEDPA) heightened standard because he could not show that the circuit court's conclusion that he suffered no prejudice was unreasonable. ECF 56 at 9-11.  Davis's claim that the court's ruling is based on "false information" bears no merit.

Lastly, Davis complains that a "fairminded jurist would have held hearing." ECF No. 63 at 12. The court is required to review Davis's claim based solely on the state court record. *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). As mentioned in the June 27, 2022 Memorandum Opinion, Davis provided the court with nothing to indicate that he could meet the extraordinarily high threshold that would permit consideration of evidence that was not submitted to the state courts. ECF 56 at 1, fn. 2; *see also Shinn v. Ramirez,* 142 S.Ct. 1718, 1732 (2022).

Nothing in Davis's Motion to Alter or Amend Judgment demonstrates that this court's previous determination was clear error of law or resulted in manifest injustice. Accordingly, the court declines to alter its dismissal of Davis's habeas petition.

For the foregoing reasons the court will deny Petitioner, Larry Davis's Motion to Alter or Amend Judgment (ECF No. 63). A separate Order shall issue.


__August 10, 2022__                           _____/s/_____
Date                                           Catherine C. Blake
                                                  United States District Judge